IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD WELLS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES USA, INC., et al.,<br><br>Defendants. | Case No. 10-cv-0215-MJR-PMF |

<u>MEMORANDUM AND ORDER</u>

Reagan, District Judge:

In March 2010, Ronald Walls (an Illinois citizen who resides in Marion, Illinois, within this Judicial District) filed the above-referenced putative class action, seeking damages, restitution and equitable relief for consumers who bought Toyota or Lexus vehicles containing certain electronic throttle systems which Walls claims have an "increased propensity for runaway acceleration" (Doc. 2, p. 2). Subject matter jurisdiction is predicated upon the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(CAFA). Walls asserts that the amount in controversy exceeds $5,000,000, and the action meets the minimal diversity requirement of CAFA.

Now before the Court is Defendants' May 6, 2010 "Unopposed Motion to Stay Pending Action by the Judicial Panel on MultiDistrict Litigation" (Doc. 9). Stated simply, Defendants ask this Court to say all proceedings in the Southern District of Illinois pending a ruling by the MDL Panel on whether to consolidate this case for coordinated pretrial

proceedings with a set of cases now pending in the U.S. District Court for the Central District of California (MDL No. 2151) before the Honorable James V. Selna.

Attached to the unopposed motion to stay are 103 pages of supporting exhibits, including the Transfer Order issued four weeks ago by the MDL Panel in "In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation" (Doc. 9-1).

Although cognizant that the MDL Panel is considering whether to transfer this action, the Court **DENIES at this time** the motion to stay all proceedings (Doc. 9). The undersigned Judge generally does not stay pretrial proceedings pending MDL transfer. FEDERAL RULE OF PROCEDURE OF THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION 1.5 provides that the pendency of a motion for transfer to the MDL "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

Similarly, the MANUAL FOR COMPLEX LITIGATION, Federal Judicial Center, § 20.131 and § 22.35 (4th ed. 2004), states that during the pendency of a motion for MDL transfer, the court in which the action was filed retains jurisdiction over the case and need not suspend proceedings.

The undersigned Judge closely will monitor any further orders from the MDL Panel, including any conditional or final transfer order which may issue herein. In the meantime, the undersigned Judge will track the case ("**TRACK C**") and assign a trial date. However, the Magistrate Judge assigned hereto (Judge Frazier) **need not enter a**

**Scheduling and Discovery Order** at this time and is respectfully requested to wait 90 days before proceeding with that step.

   IT IS SO ORDERED.

   DATED May 7, 2010.

                s/   *Michael J. Reagan*
                MICHAEL J. REAGAN
                United States District Judge